PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-MC-00266-KJM-DB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $10,000.00 IN U.S. CURRENCY, AND | |
| MONEY ORDER VALUED AT $1,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 8, 2023, the United States Postal Inspection Service ("USPIS") seized Approximately $10,000.00 in U.S. Currency and a Money Order valued at $1,000.00 in U.S. Currency (hereafter collectively "defendant funds") during a parcel interdiction at a U.S. Post Office in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about April 12, 2023, USPIS received claims from Efren Pacheco ("Pacheco") individually and on behalf of Freeway Packaging and Glass, LLC ("FPG") (hereafter collectively "claimants") asserting ownership interests in the defendant funds.

3. Claimants do not dispute the United States' representation that it could show at a forfeiture trial that on January 31, 2023, USPIS conducted a parcel interdiction at the U.S. Post Office located at 2000 Royal Oaks Drive, Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband, Priority Mail Express parcel #EI050935010US. The parcel was addressed to Michelle Anderson, P.O. Box 358, Anderson, CA 96007 with a return address of Edgar Alvizo, Freeway Packaging and Glass, 468 N Andrea Cir., Haines City, FL 33844.

4. Claimants do not dispute the United States' representation that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. Claimants do not dispute the United States' representation that on February 7, 2023, law enforcement called a phone number associated with the sender's address. Law enforcement spoke with a man who identified himself as Efren Pacheco and the owner of Freeway Packaging and Glass, LLC. When law enforcement asked Pacheco about the parcel, Pacheco stated the parcel contained items related to his business and that he was advised not to discuss the parcel with law enforcement without a lawyer present. Pacheco said his attorney would contact law enforcement.

6. Claimants do not dispute the United States' representation that on February 8, 2023, law enforcement spoke to Pacheco's counsel who conveyed that Pacheco consented to a law enforcement search of the parcel.

7. Claimants do not dispute the United States' representation that a consent search of the parcel revealed a sealed box inside that contained two heat-sealed bags containing cash totaling $10,000.00 and one USPS Postal Money Order for $1,000.00.

8. Claimants do not dispute the United States' representation that it could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds. Pacheco acknowledged that he is the sole owner of the defendant funds, and that no other person

or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United Sates, as set forth blow.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgement of Forfeiture, $5,500.00 of the Approximately $10,000.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,500.00 of the Approximately $10,000.00 in U.S. Currency and Money Order valued at $1,000.00 in U.S. Currency shall be returned to claimant Efren Pacheco through his attorney Jacek Lentz.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

/////

/////

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED

DATED: June 26, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE